**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **WILLIAM RODERICK HILL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 04-605-DRH |
| | ) |
| **SHELTON FREY,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is William R. Hill's § 2254 amended petition for a writ of habeas corpus (Doc. Nos. 4, 38). Hill is confined at Tamms Correctional Center, where he is serving concurrent, indeterminate terms of incarceration. Hill challenges disciplinary action revoking statutory good time credit, claiming that was deprived of a liberty interest without adequate procedural protections, in violation of the Due Process Clause. The petition is opposed (Doc. No. 11, 45).

### I.     Background

The material facts are not in dispute. While petitioner was confined at Stateville Correctional Center, he received a series of eleven disciplinary reports accusing him of violating prison rules, mostly pertaining to drugs and drug paraphernalia. On November 6, 2000, following proceedings before an adjustment committee at Tamms Correctional Center, the director of the Illinois Department of Corrections revoked eleven years' worth of petitioner's accrued statutory good time credits. As a result of the disciplinary action, petitioner's projected maximum sentence was extended to November 24, 2024.

Hill claims that he was disciplined in violation of procedural protections mandated by the

Due Process Clause, including advance notice of the accusations, an opportunity to defend the charges by presenting witnesses, and a well-supported decision by a fair and unbiased tribunal. Before Hill's habeas claims are considered on the merits, respondent's procedural defense is considered.

## II.    Procedural Default

Respondent contends that review of Hill's habeas claim is barred by the doctrine of procedural default. A writ of habeas corpus may be issued by a federal judge if a state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, as a general rule, federal courts may not reach an issue raised in a habeas petition if the state court refused to address that issue because the prisoner failed to comply with a state procedural requirement. In such cases, the state court's judgment rests on independent and adequate procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989). A claim in procedural default may be reviewed upon a showing of cause and prejudice, or when failure to consider the claim would result in a fundamental miscarriage of justice, or where the state procedural rule was not firmly established. *Coleman*, 501 U.S. at 750; *Ford v. Georgia*, 498 U.S. 411, 423-24 (1984); *Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977).

On June 7, 2001, petitioner challenged the disciplinary proceedings at issue in this case by filing a petition seeking a declaratory judgment, mandamus, and/or habeas corpus relief in the Circuit Court of Alexander County. In that petition, titled *Hill v. Verble*, No. 01-MR-43, he claimed, in part, that members of the adjustment committee had violated his federal due process rights. The trial court dismissed the petition on the basis that petitioner had failed to state a claim for relief (Doc. No. 11-3, p. 19). Requiring litigants to state grounds for relief in the pleading is a procedural rule that is firmly established and regularly followed by Illinois courts. The trial court's decision

was affirmed on appeal in *Hill v. Pedigo*, No. 01-803 (Doc. No. 11-8). The Illinois Supreme Court denied leave to appeal (Doc. No. 11-10).

On September 26, 2002, petitioner filed another civil action in the Circuit Court of Alexander County, seeking review of the disciplinary proceedings at issue in this case. This action, titled *Hill v. Taylor*, No. 02-68, was dismissed with prejudice on the basis that petitioner raised claims that were barred by the doctrine of *res judicata*. *Res judicata* is a procedural rule that is firmly established and regularly followed in Illinois courts. That decision was affirmed on appeal (Doc. No. 11-11, p. 2). The Illinois Supreme Court denied leave to appeal (Doc. No. 11-17).

The materials on file demonstrate that petitioner's due process claims were not considered on the merits by the state courts and that the state courts' decisions rest on procedural grounds (failure to state a claim for relief, *res judicata*) that are both adequate to support the judgments and independent of the federal question presented. Hence, the habeas claims presented here are in procedural default.

The materials on file do not demonstrate cause or prejudice for the procedural default. Upon review of the materials on file, the Court finds that failure to consider Hill's federal due process claims will not result in a fundamental miscarriage of justice.

### III. Conclusion

IT IS RECOMMENDED that William Hill's § 2254 habeas petition be DENIED. This action should be dismissed with prejudice on the ground that the claims presented are in procedural default.

SUBMITTED:  July 17, 2006  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**