IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM RODERICK HILL,**

**Petitioner,**

**v.**

**TERRY MCCANN[1],**

**Respondent.**                                    **No. 04-CV-0605-DRH**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report') submitted by Magistrate Judge Frazier on July 17, 2006 pursuant to **28 U.S.C. § 636(b)(1)(B)** (Doc. 48). The Report recommends that this Court deny Hill's § 2254 petition and dismiss with prejudice his claims as they are in procedural default. On August 3, 2006, Hill, through court appointed counsel, filed objections to the Report (Doc. 49). Based on the following, the Court rejects Hill's objections and adopts the Report in its entirety.

On August 30, 2004, William Hill, a prisoner currently incarcerated at the Tamms Correctional Center, *pro se*, filed a petition for habeas corpus pursuant

---

[1]The Court **SUBSTITUTES** Terry McCann as the respondent in this matter. **See Rule 2(a)** of the Rules Governing § 2254 cases in the United States District Courts; Fed.R.Civ.P. 25(d)(1); *Bridges v. Chambers*, **425 F.3d 1048, 1049-50 (7th Cir. 2005)**. McCann replaced Shelton Frey as the Warden of Tamms Correctional Center where Hill is incarcerated.

to **28 U.S.C. § 2254** to challenge revocation of good conduct credit (Doc. 1). Thereafter, Hill filed an amended petition on November 16, 2004 (Doc. 4). On August 1, 2005, Magistrate Judge Frazier appointed the Southern District of Illinois Public Defender, Phillip Kavanaugh, to represent Hill in this matter (Doc. 23). Subsequently, Hill, through appointed counsel, filed a supplement to his petition (Doc. 38). On July 17, 2006, Magistrate Judge Frazier issued the Report (Doc. 48).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. Hill filed timely objections to the Report (Doc. 49). Since objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.* Hill objects to the Report arguing that had the state courts liberally construed his claims, he would have set forth due process allegations which would have not been subject to procedural default (Doc. 49).

## II. Facts

As noted in the Report, the material facts are not in dispute. Hill has

been incarcerated since 1975 for committing two murders. Originally, Hill was sentenced to death, however, his conviction was overturned in 1980. Thereafter, Hill pled guilty and was sentenced to two consecutive 30-90 year indeterminate sentences.

The case at bar arises from Hill's conduct at Stateville Correctional Center in 2000. He received eleven disciplinary reports for violating prison rules mostly accusing him of smuggling drugs and drug paraphernalia. On November 6, 2000, following a hearing before the Adjustment Committee at Tamms, the director of the Illinois Department of Corrections revoked eleven years of accrued good time credits. As a result of the disciplinary action, Hill's projected maximum sentence was extended to November 24, 2024.

On June 7, 2001, petitioner filed a pro se "Petition for Declaratory Judgment, Mandamus and Habeas Corpus Relief" in the Circuit Court of Alexander County to challenge the disciplinary actions (Doc. 11, Exhibit A). In this petition for declaratory judgment, Hill raised three claims: (a) due process violations based on a failure to hold a hearing and the taking of wrongful action against petitioner; (b) violations of state statutes and failure to follow department regulations; and (c) violation of department rules regarding adequate adjustment committee summaries (Doc. 11, Exhibit A). On September 24, 2001, the Circuit Court of Alexander County dismissed the action for: (a) failure to state a claim for declaratory judgment; (b) failure to state a claim for *mandamus* relief; (c) failure to state a claim for habeas relief; and (d) filing a frivolous complaint (Doc. 11, Exhibit B). Hill appealed to the

Illinois Appellate Court, Fifth District. In that appeal, Hill raised one issue: whether his pleadings established that there were a set of facts entitling him to release, expungement and declaratory judgment (Doc. 11, Exhibit C). The Appellate Court affirmed the Circuit Court's decision in its entirety, finding that Hill failed to state a proper claim for which he sought relief (Doc. 11, Exhibit F). On December 2, 2002, Hill filed a petition for leave to appeal with the Illinois Supreme Court (Doc. 11, Exhibit G). The petition for leave to appeal alleged that the Illinois Appellate court erred in affirming the Circuit Court's action without a hearing. On February 5, 2003, the Illinois Supreme Court denied the petition for leave to appeal (Doc. 11, Exhibit H).

Thereafter, Hill filed a motion for certiorari relief in the Circuit Court of Alexander County relating to the loss of good-conduct credits (Doc. 11, Exhibit M). On December 19, 2002, the trial court found that the action was barred by *res judicata* because all issues were or could have been raised in Hill's previous action, and dismissed his petition with prejudice (Doc. 11, Exhibit I). Hill appealed that decision raising one issue: whether the Circuit Court erred in finding that his petition was barred by *res judicata* (Doc. 11, Exhibit J). The Illinois Appellate Court affirmed the Circuit Court's decision (Doc. 11, Exhibit M). On January 30, 2004, petitioner filed a petition for leave to appeal the Illinois Supreme Court (Doc. 11, Exhibit N). In the petition for leave to appeal, Hill alleged that the Illinois Appellate Court erred in affirming the Circuit Court's decision. On March 24, 2004, the Illinois Supreme Court denied the petition for leave to appeal (Doc. 11, Exhibit N).

On November 16, 2004, petitioner filed an amended petition for habeas relief in this Court (Doc. 4). Subsequently, Hill filed a supplemental petition (Doc. 38). Hill claims that his due process rights were violated in that he was not given advanced notice of the accusations, not given an opportunity to defend the charges by presenting witnesses and not given a well supported decision by a fair and unbiased tribunal.

### III.  Analysis

The Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." **28 U.S.C. § 2254(a)**. Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available state remedies and fairly presented all of the claims in his habeas petition to the state courts. ***Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004); *Spreitzer v. Schomig,* 219 F.3d 639, 644 (7th Cir. 2000)**. "Federal habeas relief is available only when a petitioner has given the state courts a full and fair opportunity to review a claim, when there is cause and prejudice for the failure to raise the claim in state court or when the default would lead to a fundamental miscarriage of justice." ***Steward v. Gilmore,* 80F.3d 1205, 1211 (7th Cir. 1996) (citations omitted)**.

To avoid default, "state prisoners must give the state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." ***O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)**. In Illinois, "one complete round" of appellate review includes appellate court review as well as a petition for discretionary review in the Illinois Supreme Court. ***Id.*** The Seventh Circuit has held that the ***Boerckel*** procedural default rule "applies with equal force in a case ⋯ on collateral review." ***White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999)**.

Even where a petitioner has overcome all procedural hurdles, a federal court can only grant an application for habeas review if it meets the requirements of 28 U.S.C. § 2254(d). Under this standard, the petitioner must show that the State court's proceedings: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." ***See also Woodford v. Visciotti,* 537 U.S. 19, 21 (2002) (*per curium*)**. Under this deferential standard, the Court must "attend closely" to the considered decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." ***Williams v. Taylor,* 529 U.S. 362, 383, (2000)**.

The Seventh Circuit uses the term "procedural default" to refer to the two separate but closely related circumstances where a federal court is barred from

considering the merits of a petitioner's habeas claim: "(1) [when] that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state law grounds[;] or (2) [when] the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." **See Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004); Conner v. McBride, 375 F.3d 643, 648 (7th Cir. 2004) (citations omitted)**. The second type of procedural default occurs where a habeas petitioner has exhausted his state court remedies without properly asserting his federal claim at each level of state court review. **Lewis, 390 F.3d at 1025 (citations omitted)**.

A federal habeas petitioner may proceed on a claim in the face of a procedural default where he "can demonstrate both cause for and prejudice stemming from that default ⋯ *or* he can establish that the denial of relief will result in a miscarriage of justice[.]" **Id. at 1026 (emphasis in original) (citations omitted)**. Cause exists where the petitioner can show that some kind of external factor prevented him from presenting his federal claim to the state courts. **Id**. Prejudice exists where "the violation of the petitioner's federal rights worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." **Id. (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original))**. A petitioner may overcome procedural default based on a fundamental miscarriage of justice if no reasonable juror would have found him guilty of the offense but for the constitutional errors he ascribed to the

state court. **Schlup v. Delo, 513 U.S. 298, 327-29 (1995)**.

Though this Court reviews Hill's petition with extra caution given that during the state court proceedings and partially during this case he was proceeding *pro se*, Hill has not overcome the procedural default.  Hill gives no explanation for his failure to pursue these claims through a complete round of the state appellate or post-conviction process except that he was proceeding *pro se* and had the state court's liberally construed his pleadings his would have set forth claims not in default.  As explained above, this is not sufficient to overcome the default as to these underlying issues, and without some explanation of an objective external factor that prevented him from fully pursuing the claim, this Court cannot find that there was cause for his procedural default.  **Lewis, 390 F.3d at 1026**. Moreover, the state courts' decisions rest on procedural grounds that are both adequate to support the judgments and independent of the federal question presented.  Furthermore, the Court finds that the record does not demonstrate cause or prejudice for the procedural default.  The Court concludes that the failure to consider Hill's federal due process claims will not result in a fundamental miscarriage of justice.

### III. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 48). The Court **DENIES** Hill's § 2254 habeas petition. The Court **DISMISSES with prejudice** Hill's cause of action as his claims are in procedural default.

**IT IS SO ORDERED.**

Signed this 19th day of December, 2006.

<u>/s/        David   RHerndon</u>
**United States District Judge**